# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3630

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota |
| | * | |
| Christina Marie Langner, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 15, 2001

Filed: July 11, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

Christina Langner contends that she was sentenced in error because the government breached its obligations as set forth in her plea agreement. We disagree, and affirm.

Langner and her boyfriend were caught buying methamphetamine (meth) in March 2000. Police soon discerned that Langner was a minor player in her boyfriend's St. Cloud, Minnesota drug-trafficking ring. The government therefore negotiated her

guilty plea to possessing meth with intent to distribute it, a violation of 21 U.S.C. § 841, in exchange for a reduced sentence.

In the plea agreement, Langner admitted selling pound quantities of meth in the previous 1½ to 2 years. The government generously agreed that it would not hold Langner accountable for past drug sales. The government also agreed to move for a downward departure at sentencing if Langner provided substantial assistance in solving other crimes. Langner later assisted the government in solving a St. Cloud-area burglary, but her other efforts to assist the government provided only stale leads.

Before sentencing, the government moved the district court[1] to depart downward, recommending a departure of only two offense levels because Langner's assistance had not been particularly helpful. Langner objected to the meager extent of the government's proposed departure on the ground that Langner had jeopardized her life to assist the government. Counsel also stated that Langner deserved sympathy because she had been forced to participate in her boyfriend's drug trafficking under duress. The government introduced evidence debunking these claims at the hearing. While rebutting Langner's claims of exemplary assistance, the government alluded to Langner's 2-year history of dealing meth as a reason not to depart downward more than two levels. Langner immediately objected that consideration of her prior history of drug selling was off-limits per the plea agreement. The district court overruled Langner's objection, departed downward two levels, and sentenced her to serve 48 months in prison—well below the Sentencing Guideline range.

On appeal, Langner claims that the government breached the terms of the plea agreement and thereby inhibited the district court from departing even lower in its sentencing determination. She contends that the plea agreement forbade the

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

government from raising her 2-year history of dealing meth as a justification for departing downward only two levels because, according to the agreement, the government could not hold her accountable for any drug-trafficking other than the four pounds charged in the indictment. Langner's claim amounts to an argument that the district court should have departed downward further than it did, a claim we may not review. See United States v. McCarthy, 97 F.3d 1562, 1576-77 (8th Cir. 1996).

Even if we could review Langner's claim, we believe that the government did not breach the plea agreement. The plea agreement states that "[t]he government also agrees not to attempt to hold the defendant accountable for any controlled substances not referenced in Count 2 [which charges the 4-kilo sale]." Plea Agreement ¶ 4. This provision prevented the government from increasing Langner's sentence by amalgamating drug quantities from past meth sales to trigger a higher base offense level. This provision did *not* prevent the government from urging the district court to depart downward only slightly (rather than greatly) based upon Langner's 2-year history of dealing meth, because Langner stipulated to that history in the agreement itself. Id. ¶ 1 ("The defendant admits that . . . she and [her boyfriend] had been selling pound quantities of methamphetamine together for the previous 1 ½ to 2 years.").

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-